IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM GRECIA<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRUE VALUE COMPANY,<br><br>　　　　Defendant. | Case No. |

**COMPLAINT FOR PATENT INFRINGEMENT**

William Grecia brings this patent-infringement action against True Value Company (hereinafter, "True Value").

**Parties**

1.　William Grecia is an individual residing in Downingtown, Pennsylvania.

2.　True Value is a Delaware corporation, having its principal place of business in Chicago, Illinois.

**Jurisdiction and Venue**

3.　This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4.　This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.　This Court may exercise personal jurisdiction over True Value. True Value's principal place of business is within this District; True Value conducts continuous and systematic business in this District; and this patent-infringement case arises directly from True Value's continuous and systematic activity in this District. In

short, this Court's exercise of jurisdiction over True Value would be consistent with the Illinois long-arm statute and traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1400(b).

**Infringement of U.S. Patent No. 8,533,860**

7. Mr. Grecia owns United States Patent 8,533,860 (the "'860 patent") (attached hereto as Exhibit A).

8. True Value infringes claims 21, 22, and 23 of the '860 patent as follows.

9. Claim 21 is, "A computer product comprising a memory, a CPU, a communications console and a non-transitory computer usable medium, the computer usable medium having an operating system stored therein, the computer product further comprising a customization module, the computer product authorizing access to digital content, wherein the digital content is at least one of an application, a video, or a video game, wherein the digital content is at least one of encrypted or not encrypted, the computer product configured to perform the steps of . . . ." (Ex. A, col. 17:52-61.) True Value uses an EMV Token Point-of-Sale computer product (EMV-PoS) that authorizes access to users' digital financial content to complete purchases using a verification token (e.g., EMV Device Token) that is used as a substitute to the user's real card PAN (Primary Account Number) in EMV-PoS transaction requests. The EMV Token application in the True Value PoS computer is utilized to produce "secure" transactions and eliminate the threat of credit card fraud. The digital financial content is the EMV card network Payment Application.

10. The first step that the claim 21 computer product is configured to perform is, "receiving the digital content access request from the communications console, the access request being a read or write request of metadata of the digital content, the metadata of the digital content being one or more of a database or storage in connection to the computer product, the request comprising a verification token corresponding to the digital content, the verification token is handled by the user as a redeemable instrument, wherein the verification token comprises at least one of a purchase permission, a rental permission, or a membership permission, wherein the at least one of purchase permission, rental permission, or membership permission being represented by one or more of a tag, a letter, a number, a combination of letters and numbers, a successful payment, a rights token, a phrase, a name, a membership credential, an image, a logo, a service name, an authorization, a list, an interface button, a downloadable program, or the redeemable instrument . . . ." (Ex. A, col. 17:62-18:13.) The True Value EMV-PoS receives an access request to the user's digital financial content that is processed as a "read" request of the connected EMV card network Token Vault database (metadata) required to determine an access permission. The verification token (e.g., EMV Token) is handled by the user as a redeemable instrument (e.g., EMV Tokenized Mobile Device or Chip Card). The EMV Token (verification token) comprises a "purchase permission." The EMV Token is represented by: (a) Numbers – resembling a PAN; (b) Rights Token – a right to purchase in place of a PAN; (c) Phrase - "EMV Token"; (d) Logo – Android Pay, Apple Pay, EMV logos on the EMV-PoS computer; (e) Service Name – Apple Pay, Android Pay, Samsung Pay, EMV Token; or (f) Authorization – the EMV Token is authorized in the EMV Token Vault.

11. The second step that the claim 21 computer product is configured to perform is, "authenticating the verification token . . . ." (Ex. A, col. 18:14.) The EMV Token (e.g., verification token) is authenticated using the Luhn Formula for Computing Modulus 10 Check Digit.

12. The third step that the claim 21 computer product is configured to perform is "establishing a connection with the communications console, wherein the communications console is a combination of a graphic user interface (GUI) and an Applications Programmable Interface (API) wherein the API is related to a verified web service, the web service capable of facilitating a two way data exchange to complete a verification process wherein the data exchange session comprises at least one identification reference . . . ." (Ex. A, col. 18:15-22.) The True Value EMV-PoS establishes a connection with the EMV Token Service Provider using an API related to the EMV Token Service Provider.

13. The fourth and fifth steps that the claim 21 computer product is configured to perform are "requesting the at least one identification reference from the at least one communications console, wherein the identification reference comprises one or more of a verified web service account identifier, letter, number, rights token, e-mail, password, access time, serial number, address, manufacturer identification, checksum, operating system version, browser version, credential, cookie, or key, or ID . . . receiving the at least one identification reference from the communications console . . . ." (Ex. A, col. 18-23-32.) The True Value EMV-PoS requests and receives an identification reference from the EMV Token Service comprising letters and numbers (e.g., Discover exchanges the

PAN for its token and sends the token and "approved" or "declined" message response with the token back to True Value).

14. The sixth step that the claim 21 computer product is configured to perform is "writing at least one of the verification token or the identification reference into the said metadata." (Ex. A, col. 18:33-34.) The True Value EMV-PoS writes the verification token to its connected storage for receipt printing and reference for refunds. The EMV Tokenized device and True Value EMV-PoS show evidence of using the EMV Token (e.g., verification token) to complete the user's request.

15. Claim 22 states, "The computer product according to claim 21, wherein the access request is a request from a first user, the first user is a human user in operation of the computer product and establishes first access to the digital content; or wherein the access request is a request from a secondary user, the secondary user is a human user in operation of the computer product and establishes secondary access to the same digital content as first established for access by the first user." (Ex. A, col. 18:35-43.) The True Value EMV-PoS handles the EMV Token request from a first human user who accesses the digital financial content to complete a transaction. The True Value EMV-PoS also handles a EMV Token request from a second human user who established secondary access to the first user's digital financial content so the True Value EMV-PoS can process EMV Token refunds.

16. Claim 23 provides, "The computer product according to claim 21, wherein the customization module customizes a user access panel." (Ex. A, col. 18:44-45.) The True Value EMV-PoS computer customization module customizes the user access panel

to include logos (and other information to give user awareness of EMV tokenized support).

### Prayer for Relief

WHEREFORE, William Grecia prays for the following relief against True Value:

(a) Judgment that True Value has directly infringed claims of the '860 patent;

(b) For a reasonable royalty;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For injunctive relief; and

(e) For such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Grecia demands a trial by jury on all matters and issues triable by jury.

Date: March 15, 2018

*/s/ Matthew M. Wawrzyn*
Matthew M. Wawrzyn (#6276135)
*matt@wawrzynlaw.com*
Stephen C. Jarvis (#6309321)
*stephen@wawrzynlaw.com*
WAWRZYN & JARVIS LLC
2700 Patriot Blvd., Suite 250
Glenview, IL 60026
(847) 656-5864

*Counsel for William Grecia*